# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| CINDY KOEHLER, | : |
| | : Case No. |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| TAKHAR COLLECTION SERVICES, LTD., | : |
| | : |
| Defendant. | : |

## VERIFIED COMPLAINT

CINDY KOEHLER (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against TAKHAR COLLECTION SERVICES, LTD (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant does business in the state of Iowa, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Cedars Rapid, Linn County, Iowa

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8. Defendant is a collection law firm with a business office in Niagara Falls, New York.

9. Defendant is a collection law firm that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

10. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt Plaintiff does not owe.

11. Defendant calls Plaintiff's home telephone number 319-364-0385.

12. Defendant calls Plaintiff and uses a pre-recorded message.

13. Defendant calls Plaintiff up to five (5) calls per day.

14. On January 5, 2011, Plaintiff received four (4) calls from Defendant at 9:00 a.m., 10:15 a.m., 4:00 p.m. and 8:00 p.m.

15. On January 10, 2011, Plaintiff received five (5) calls from Defendant at 8:15 a.m., 11:10 a.m., 1:35 p.m., 4:15 p.m. and 8:15 p.m.

16. On January 19, 2011, Plaintiff received four (4) calls from Defendant at 8:15 a.m., 11:10 a.m., 1:35 p.m. and 4:15 p.m.

17. On January 25, 2011, Plaintiff received four (4) calls from Defendant at 8:15 a.m., 11:10 a.m., 1:35 p.m. and 4:15 p.m.

18. On February 1, 2011, Defendant called Plaintiff and threatened to ruin her credit if she did not pay the alleged debt.

19. On February 1, 2011, Defendant called Plaintiff and threatened to harass her place of employment to have her fired if she did not pay the alleged debt.

20. Defendant called Plaintiff on March 3, 2011 and March 23, 2011, after Defendant knew Plaintiff was represented by an attorney.

21. On March 23, 2011, Defendant placed a telephone call to Plaintiff after 9 pm.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

22. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692b(6) by communicating with Plaintiff after Defendant knew Plaintiff was represented by an attorney with regard to the subject debt, and had knowledge of, or could readily ascertain, such

attorney's name and address.

b. Defendant violated §1692c(1) by calling and communicating with Plaintiff after 9 p.m.

c. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

d. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with intent to annoy, abuse or harass Plaintiff at the number called.

e. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's debt because Plaintiff does not owe the money Defendant is attempting to collect.

f. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to ruin her credit.

g. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening have her terminated from her employment

h. Defendant violated §1692e of the FDCPA by using false, deceptive or misleading representation or means in connection with the collection of the alleged debt.

    i. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt because Plaintiff does not owe the money Defendant is attempting to collect.

    j. Defendant violated *§1692f(1)* of the FDCPA by attempting to collect an amount that is not authorized by the agreement or permitted by law because Plaintiff does not owe the money Defendant is attempting to collect.

Wherefore, Plaintiff, CINDY KOEHLER, respectfully requests judgment be entered against Defendant, TAKHAR COLLECTION SERVICES, LTD., for the following:

23. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

25. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, CINDY KOEHLER, demands a jury trial in this cause of action.

Dated: April 5, 2011   RESPECTFULLY SUBMITTED,

By: /s/ J.D. Hass
    J.D. Haas, Esq.
    jdhaas@jdhaas.com
    Attorneys for Plaintiff,
    CINDY KOEHLER

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF IOWA )

Plaintiff, CINDY KOEHLER, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, CINDY KOEHLER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

4-1-2011
Date

*[signature]*
CINDY KOEHLER